PEOPLE ex rel. TOWN OF BRIGHTON v. WILLIAMS, State Comptroller.

(Supreme Court, Appellate Division, Third Department. May 3, 1911.)

1. TAXATION (§ 466*)—ASSESSMENT—STATE LAND—APPROVAL BY COMPTROLLER.

Tax Law (Consol. Laws 1909, c. 60) § 20, requires assessors to ascertain by diligent inquiry all the property and names of all the persons taxable. Section 21 requires them to prepare an assessment according to the best information in their power. Section 22 requires them to as-

sess· the wild and forest lands owned by the state as similar lands of individuals, and to file in the office of the Comptroller and with the forest, fish, and game commission a copy of the assessment roll of the town, specifying what lands are forest lands and which belong to the state, such specifications to be verified by the oath of a majority of the assessors, and provides that the Comptroller shall thereupon, after hearing, correct or reduce any assessment of state land which may be in his judgment an unfair proportion to the remaining assessment of land within the town, and shall in other respects approve the assessment and communicate his approval to the assessor. *Held*, that the fact that certain lots were assessed to another which should have been assessed to the state is not grounds for refusal of the ·Comptroller to approve the assessment roll.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 466.*]

2. MANDAMUS (§ 142*)·—PROCEEDINGS—VENUE.

A motion for mandamus to compel the Comptroller of the state to approve the assessment of state land on the assessment roll of a town should be made in the Third judicial district rather than in the district in which the town is located, the ownership of the land not being involved, though the ground of the Comptroller's refusal to approve the assessment roll is that certain lots which should have been assessed to the state were assessed to another party.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 279–281; Dec. Dig. § 142.*]

Appeal from Special Term.

Application by the People, on the relation of the Town of Brighton, for mandamus to Clark Williams, Comptroller of the State. From an order directing a peremptory writ of mandamus, requiring the Comptroller to approve the assessment of state lands on the assessment roll of 1909 of the Town of Brighton and to communicate such approval to the assessors of the town and to approve the assessment of such land on the assessment roll of 1910 in that town, respondent appeals. Reversed, and motion denied without costs, and without prejudice to renewal of motion in proper district.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ

Thomas Carmody, Atty. Gen. (Irving D. Vann, of counsel), for appellant.

Cantwell & Cantwell, for respondent.

SMITH, P. J. By section 22 of the tax law all wild and forest lands owned by the state are required to be assessed to the state as similar lands of individuals. On or before August 1st the assessors of the town are required to file in the office of the Comptroller and with the forest, fish, and game commission a copy of the assessment roll of the town, which is required to specify what lands are forest lands, "and which and how much, if any, of the lands belong to the state; such statements and specifications to be verified by the oath of a majority of the assessors." The statute then reads:

"The Comptroller shall thereupon and before the first day of September following, and after hearing the assessors and the forest, fish and game commission, if they or any of them so desire, correct or reduce any assessment

of state lands which may be in his judgment an unfair proportion to the remaining assessment of land within the town, and shall in other respects approve the assessment and communicate such approval to the assessors."

By section 20 of the tax law the assessors are required to "ascertain by diligent inquiry all the property and names of all the persons taxable therein"; and by section 21 they are required to prepare an assessment "according to the best information in their power."

[1] In 1909 and 1910 the assessors of the town of Brighton, Franklin county, filed in the office of the Comptroller their assessment rolls, and asked for his approval under section 22 of the tax law. The Comptroller declined to approve of the assessment roll, not upon the ground that the state lands therein mentioned were disproportionately assessed—and no such claim is here made—but upon the ground stated, that four certain lots were assessed to one McArthur, which should have been assessed to the state. It seems clear that this was not a sufficient ground for refusing to approve of the assessment rolls. The direction of the statute to the assessors is to ascertain by diligent inquiry, as best they may, to whom lands shall be assessed, and to the rolls as thus made up they are required to make oath. If upon such inquiry their conclusion should be that certain lands belong to parties other than the state, they could not make oath to their assessment roll if, under the dictation of the Comptroller, they were required to place those lands upon the rolls as property of the state. The object of section 22 seems to be clear, to wit: To protect the state from overvaluation of the land assessed. It is only an assessment which presents an "unfair proportion to the remaining assessment of land within the town" that can be corrected. No warrant is there given to the Comptroller to require that land assessed to others should be assessed to the state upon the said rolls, and it is going far away from the language of the statute to so contend.

[2] But this order must be reversed we think for the reason that the motion should have been made within the Third judicial district. The ownership of the lands in question is not involved in this proceeding. The statute requires the Comptroller to approve all the rolls, but only after a hearing of the assessors and the forest, fish, and game commission, if they should so desire. It is clear that that hearing is to be had not in Franklin county, but in Albany, the official home of the Comptroller. It is clear that his approval is there to be made and the assessment roll is there to be delivered to the assessors, whether by mail or personally. All the acts which he is required by this writ of mandamus to perform are there to be performed, and, if an alternative writ were required to be issued, the issue made thereby would be triable in Albany county. Moreover, if the matter be one of doubt, that doubt should be resolved in favor of the state, to the end that public business may be expedited. For reasons well stated in the case of Mason v. Willers, 7 Hun, 24, the motion should be required to be made in the Third judicial district. The order must therefore be reversed, and motion denied, without costs.

Order reversed and motion denied without costs, and without prejudice to a renewal of the motion in the proper district. All concur.